IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUDOLPH MURCHISON (R56066), | ) | |
| | ) | |
| Petitioner, | ) | Case No. 18 C 1450 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| RANDY PFISTER, Warden, Stateville Correctional Center, | ) ) ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is pro se petitioner Rudolph Murchison's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Murchison's habeas petition and further declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

**Background**

When considering habeas petitions, federal courts presume that the factual findings made by the last state court to decide the case on the merits are correct unless the habeas petitioner rebuts those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Sims v. Hyatte*, 914 F.3d 1078, 1095 (7th Cir. 2019). Where Murchison has not provided clear and convincing evidence to rebut this presumption, the following factual background is based on the Illinois Appellate Court's decisions on direct and post-conviction appeal.

In September 1999, Murchison and two other men bludgeoned and robbed eighty-eight year old Ethel Jackson at her home on South Greenwood Avenue in Chicago. After being taken to the hospital, Jackson slipped into a coma and never regained consciousness. Jackson died on March 2, 2001, after which Murchison was charged with three different counts of first degree murder.

At his 2006 jury trial, the State introduced Murchison's video-taped confession in which he admitted that he led his accomplices to Jackson's home where one of them repeatedly hit Jackson in the head with a pipe. Murchison's confession also revealed that the men stole Jackson's money leaving her bound and gagged. The State also presented additional evidence corroborating Murchison's confession, including that before she lost consciousness, Jackson made a statement to the police implicating Murchison in the attack and robbery. In September 2006, the jury found Murchison guilty on all three first degree murder counts, including felony murder, intentional murder, and knowing murder.

Murchison, by counsel, filed a direct appeal to the Illinois Appellate Court arguing: (1) there was insufficient evidence to establish that he or his accomplices caused Jackson's death; (2) the trial court erred by instructing the jury with a non-pattern proximate cause instruction for felony murder; (3) the trial court erred by not instructing the jury with a mandatory instruction on armed robbery as a predicate to felony murder; (4) the trial court abused its discretion by allowing an expert to testify about causation; and (5) the trial court violated his right to confrontation when it allowed the officers to testify that they could identify Murchison after speaking with Jackson before she went into a coma. The Illinois Appellate Court affirmed the conviction of intentional murder, but vacated the felony murder and knowing murder convictions. Murchison then filed a counseled petition for leave to appeal ("PLA") to the Illinois Supreme Court arguing that the non-pattern jury instruction was in error. The Illinois Supreme Court denied Murchison's PLA in March 2010.

In September 2010, Murchison filed a post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, raising the same claims that he raised on direct appeal. The Circuit Court dismissed his post-conviction petition as frivolous and patently without merit at the first stage of the proceedings. On appeal, the parties agreed that the case should

continue to the second stage of post-conviction review, and thus the Illinois Appellate Court remanded the matter in July 2013.

On remand, the trial court appointed Murchison counsel, who filed a supplemental petition for post-conviction relief adding one additional claim, namely, that Murchison's appellate counsel on direct appeal was ineffective for failing to argue that the trial was defective because the expert testimony and jury instructions bypassed the question of foreseeability in relation to causation. The trial court dismissed both pro se and supplemental post-conviction petitions in March 2016.

On post-conviction appeal, Murchison's appointed counsel filed a motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). The Illinois Appellate Court granted counsel's motion and affirmed the post-conviction ruling. In his pro se PLA to the Illinois Supreme Court, Murchison made only one argument—that appellate counsel was ineffective for failing to argue that the expert testimony and jury instructions bypassed the question of foreseeability in relation to the cause of Jackson's death. The Illinois Supreme Court denied Murchison's post-conviction PLA in February 2018.

**Legal Standards**

"Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court cannot issue a writ of habeas corpus on a claim rejected on the merits in state court unless the petitioner surmounts high obstacles." *Janusiak v. Cooper,* 937 F.3d 880, 888 (7th Cir. 2019). Specifically, under the AEDPA, the Court cannot grant habeas relief unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *Felton v. Bartow*, 926 F.3d 451, 464 (7th Cir. 2019). The Supreme Court has explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially

3

indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. Under the "unreasonable application" prong of the AEDPA standard, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Id.* at 407.

"[A] state prisoner must exhaust his remedies in state court before seeking relief in federal court." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister,* 834 F.3d 808, 815 (7th Cir. 2016) (citation omitted). "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." *Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018).

**Discussion**

Murchison filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254(d)(1). Construing his pro se petition liberally, *see Lund v. United States,* 913 F.3d 665, 669 (7th Cir. 2019), he brings the following claims: (1) there was insufficient evidence to establish that he or his accomplices caused Jackson's death; (2) the trial court erred by instructing the jury with a non-pattern proximate cause instruction for felony murder; (3) the trial court erred by not instructing the jury with a mandatory instruction on armed robbery as a predicate to felony murder; (4) the trial court erred by allowing an expert to testify about causation, thus violating his due process rights; (5) the trial court violated his right to confrontation when it allowed the officers to testify that they could identify him after speaking with Jackson; and (6) appellate counsel on direct appeal was ineffective for failing to argue that the trial was defective because the expert testimony and jury instructions bypassed the question of foreseeability in relation to causation.

Murchison's second and third habeas claims concern the alleged trial court errors in

4

instructing the jury about the felony murder charge. The Illinois Appellate Court, however, vacated the felony murder conviction and merged it into the intentional murder conviction. Therefore, Murchison is not "in custody pursuant to a judgment of a State court" for felony murder as required under § 2254(d)(1). *Cf. Kelley v. Zoeller*, 800 F.3d 318, 324 (7th Cir. 2015).

Turning to Murchison's ineffective assistance of appellate counsel claim, he asserts that his appellate counsel on direct appeal was constitutionally ineffective for failing to argue that the expert testimony and jury instructions bypassed the question of foreseeability. In analyzing this argument, the Court applies the familiar two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Kimbrough v. Neal*, 941 F.3d 879, 881 (7th Cir. 2019). Under the *Strickland* performance prong, an appellate counsel's performance is constitutionally deficient if counsel fails to appeal an issue that is plainly stronger than the claims counsel did raise on appeal. *Davila v. Davis*, ___ U.S. ___, 137 S.Ct. 2058, 2067, 198 L.Ed.2d 603 (2017). In this context, "[e]ffective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *Id.* To establish the *Strickland* prejudice prong, Murchison must show that there is a reasonable probability that the issue appellate counsel did not raise would have changed the outcome of his appeal. *See Strickland*, 466 U.S. at 694; *Miller v. Zatecky*, 820 F.3d 275, 276 (7th Cir. 2016).

The post-conviction Illinois Appellate Court concluded that Murchison's ineffective assistance of appellate counsel claim was meritless without discussion. Because the Illinois Appellate Court did not squarely address the merits of this claim, the Court looks to the last state court that discussed the merits, which was the Circuit Court's post-conviction petition ruling in March 2016. *See* 28 U.S.C. § 2254(e)(1). In that ruling, the Circuit Court highlighted arguments appellate counsel did make relating to causation and foreseeability:

> [I]t must be noted that his appellate counsel thoroughly and properly presented evidence which challenged the notion of causation and whether petitioner's actions were direct and [the] inevitable sequence result[ing] from the initial criminal act. The appellate record reflects that appellate counsel challenged the sufficiency of the State's evidence that actions of the petitioner caused the death of Ethel.

Further, the Circuit Court noted that appellate counsel challenged the expert's opinion on causation.[1] In doing so, appellate counsel argued that legal cause is a question of foreseeability with the relevant inquiry of whether the injury is the type that a reasonable person would see as likely to result from his conduct. Meanwhile, a review of the trial court record indicates that the first degree murder jury instructions—which Murchison calls into question—were based on the Illinois Criminal Pattern Jury Instruction 7.02.

Under these circumstances, the Court would be hard-pressed to conclude that appellate counsel's performance was constitutionally deficient because this post-conviction argument is not "plainly stronger" than the claims counsel did raise on appeal. The arguments counsel did make on appeal went to the very heart of the causation analysis, including foreseeability, and the Illinois Appellate Court examined these issues in detail on direct appeal. Because Murchison has not overcome the presumption that counsel's performance was constitutionally effective, the Court need not consider if he was prejudiced. *Strickland*, 466 U.S. at 697.

Next, Murchison has procedurally defaulted his first and fifth habeas claims because he failed to present them through one complete round of state court review before filing his habeas petition, including in a PLA to the Illinois Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 848, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999). Specifically, although Murchison presented his

---

[1] Although the Circuit Court did not cite *Strickland* in its analysis, neither its reasoning nor the result contradicts *Strickland*. *See Early v. Packer*, 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

sufficiency of the evidence and confrontation clause claims on direct and post-conviction appeal, he failed to include these claims in his PLAs to the Illinois Supreme Court.

In his reply brief, Murchison argues that his counsel's ineffective assistance excuses his procedural default of these claims. Although "[m]eritorious claims of ineffective assistance can excuse a procedural default," *see Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014), as discussed above, Murchison's ineffective assistance of appellate counsel claim is without merit. Also, ineffective assistance of appellate counsel, as opposed to ineffective assistance of trial counsel, cannot excuse procedural default in the first instance. *Oaks v. Pfister*, 863 F.3d 723, 726 (7th Cir. 2017).

Murchison also argues that his procedural default falls under the fundamental miscarriage of justice (actual innocence) exception. The "fundamental miscarriage of justice exception is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Herrera v. Collins*, 506 U.S. 390, 404-05, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). To establish this exception, Murchison must present new, reliable evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *House v. Bell*, 547 U.S. 518, 537, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006) (citation omitted). After presenting such evidence, Murchison must then show "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Here, Murchison has not pointed to any new, reliable evidence for the Court to consider, therefore, the fundamental miscarriage of justice exception does not apply to his procedurally defaulted claims.

Murchison's fourth habeas claim, namely, that the trial court erred by allowing an expert to testify about causation violated his due process rights, is also procedurally defaulted because he did not fairly present this constitutional claim to the state courts. *Schmidt v. Foster*, 911 F.3d 469, 486

7

(7th Cir. 2018) (en banc). To clarify, Murchison argued on appeal that the trial court abused its discretion by allowing an expert to testify about causation characterizing the error as a state law evidentiary problem. Because he made no reference to federal or constitutional law, nor discuss his claim as a violation of such law, he did not fully present his federal claim to the state courts. Murchison also procedurally defaulted this claim because he did not present it in either PLA to the Illinois Supreme Court, and as discussed, he has failed to establish an exception to this procedural default.

**Certificate of Appealability**

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). A petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Id.* at 336; 28 U.S.C. § 2253(c)(2). Under this standard, Murchison must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (citation and quotation marks omitted).

Murchison has not established reasonable jurists would debate that the Illinois court unreasonably applied *Strickland* to his ineffective assistance of appellate counsel claim. Also, a reasonable jurist would not debate that the Court erred in its procedural default determinations and that two of his habeas claims are not cognizable under § 2254(d)(1). *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the

petition or that the petitioner should be allowed to proceed further."). The Court therefore declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Conclusion**

For these reasons, the Court denies petitioner's petition for a writ of habeas corpus [1] and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2254(d). Civil case terminated.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Judge

DATED: 12/26/2019